**550**

ARTIA, Foreign Trade Corporation for the Import and Export of Cultural Commodities, Plaintiff,

v.

COLOSSEUM RECORDS, Inc., Sam Goody and The Record Hunter, Inc., Defendants.

United States District Court
S. D. New York.
March 22, 1957.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

Jacob Goldsmith, New York City, for defendants.

DIMOCK, District Judge.

Plaintiff, Artia, claiming to be the owner of certain interpretative performances of musical compositions sues defendant Colosseum Records, Inc. for damages and injunction alleging that defendant has reproduced those performances on phonograph records and sold them in defiance of plaintiff's rights and to the damage of plaintiff.

Defendant has interposed four separate defenses. First, that plaintiff has failed to state a claim on which relief can be granted, second, that the recordings enumerated by plaintiff have not been copyrighted and are in the public domain, third, that plaintiff has failed to join an indispensable party, the Republic of Czechoslovakia, and fourth, that

the right of action did not accrue within six years next before the commencement of the action.

Plaintiff now moves to strike out these defenses as insufficient.

The complaint alleges that plaintiff is the assignee of Gramaphone Works, National Corporation, a Czechoslovakian corporation, that Gramaphone engaged artists to interpret the compositions enumerated for mechanical recording, and that on October 9, 1956, Gramaphone assigned to plaintiff all rights arising out of the recordings. The complaint goes on to allege that defendant Colosseum is selling phonograph records of the interpretative performances of the artists engaged by Gramaphone and that Colosseum has thus not only appropriated property rights of plaintiff but also has injured plaintiff by putting on the market records of a quality so low as to jeopardize the sales of plaintiff's records.

Plaintiff does not say whether or not the compositions recorded by the interpretative artists are in the public domain nor does plaintiff say where defendant Colosseum is engaged in selling the reproductions. Under the modern liberal rules of pleading, however, if plaintiff could recover if the compositions were in the public domain under the law of any one of the possible jurisdictions, then the complaint should not be dismissed. The case of Capitol Records v. Mercury Records Corporation, 2 Cir., 221 F.2d 657, held that the plaintiff who was the assignee of the proprietor of interpretative recordings of compositions in the public domain could enjoin the sale in New York of the same recordings where the seller's rights were limited by his assignment to sales in Czechoslovakia. Assuming, as we are permitted to do here, that the compositions are in the public domain, that the selling is going on in New York and that defendant has obtained no right to sell the recordings by assignment from the original proprietor, the Capitol Records case is authority in favor of the validity of the complaint.

The second defense states that the recordings (not the compositions) have not been copyrighted and are in the public domain. The statement that the recordings are in the public domain is the boldest of conclusions yet it serves to give notice of decedent's claim. If defendant is correct plaintiff is out of court. Plaintiff is certainly entitled to a further statement to apprise plaintiff of the basis for defendant's claim that the recordings are in the public domain but that has no tendency to weaken the defense itself if it can be established. The second defense will therefore stand.

The third separate defense sets up the nationalization of property in Czechoslovakia. That is alleged to have occurred in 1948 and there is no statement in the complaint as to when the original recordings were made. Nevertheless, the defense gives to plaintiff notice that defendant claims that the rights plaintiff seeks to vindicate are vested in the Republic of Czechoslovakia. I do not know that this is anything more than a statement of the reason why defendant denies plaintiff's right of recovery. Nevertheless, the fact, if it be a fact, that Czechoslovakia's title could be proved under a denial does not make the allegation of Czechoslovakia's title any less effective when treated as a defense. I will therefore let the third defense stand.

The fourth defense is that the right of action set forth in the complaint did not accrue within six years next before the commencement of this action. On the face of it the defense seems, at best, partial since the complaint, when read with any kind of liberality, indicates that defendant Colosseum Records is at present engaged in the acts complained of. Nevertheless, it is quite possible that plaintiff's proof might show that some of the offending acts took place more than six years prior to the commencement of the action. Thus it seems to me that defendant ought to be permitted to interpose the defense provided that the six year statute, Civil Practice Act N.Y. § 48, was the proper one to apply. That

552

is very difficult to determine in view of the wide latitude of proof permitted under modern pleadings. It seems to me that I ought to let the defense stand unless I could say that, under no possible state of facts which would be admitted in evidence on behalf of a plaintiff who had pleaded as this plaintiff has, would the six year statute of limitations be applicable. I certainly cannot say that, so I will permit the defense to stand.

The first defense is stricken out and the motion to strike the second, third and fourth defenses is denied.